2020 IL App (1st) 172583-U

No. 1-17-2583

Order filed May 29, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 96 CR 0183802 |
| | ) | |
| ERIC ANDERSON, | ) | Honorable |
| | ) | Arthur Frances Hill, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |
| | ) | |
| | ) | |

JUSTICE HALL delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's 60-year sentence for an offense committed when he was a juvenile is a *de facto* life sentence that required the sentencing court to consider his youth and its attendant circumstances regardless of his eligibility for day-for-day credit; the trial court failed to consider defendant's youth and its attendant circumstances in imposing sentence; defendant's sentence vacated and remanded for resentencing.

¶ 2    Defendant Eric Anderson appeals an order of the circuit court of Cook County resentencing him to 60 years' imprisonment for a double murder he committed as a juvenile in 1995. On appeal,

he contends that: (1) the 60-year sentence violates the proportionate penalties provision of the 1970 Illinois Constitution; (2) the 60-year sentence violates Illinois' constitutional limitations on judicial discretion in sentencing decisions; (3) the 60-year sentence reflects that the trial court failed to consider the mitigating factors, relied on improper aggravating factors and punished defendant for exercising his constitutional right to choose the sentencing statute under which he would be sentenced; (4) the 60-year maximum sentence violates his right under *Miller v. Alabama*, 567 U.S. 460 (2012), to a meaningful opportunity to obtain release based on his demonstrated maturity and rehabilitation; and (5) this court should reduce his sentence pursuant to Illinois Supreme Court Rule 615(a)(4) (eff. Jan. 1, 1963).   For the reasons that follow, we vacate defendant's sentence and remand for a new sentencing hearing.

¶ 3                                   BACKGROUND

¶ 4     On December 14, 1995, the 15-year-old defendant shot and killed Helena Martin (Helena) and Carrie Hovel (Carrie), both 13 years old, as part of a gang shooting. Defendant was tried as an adult, and a jury found him guilty of the first degree murders of Carrie and Helena. The trial court sentenced defendant to natural life imprisonment, the mandatory sentence for causing the deaths of two persons. See 730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 1994). On direct appeal, this court affirmed defendant's convictions and sentences. See *People v. Anderson*, Nos. 1-98-2438 & 1-98-2390 Cons. (1998) (unpublished order under Supreme Court Rule 23). The dismissal of his postconviction petition was likewise affirmed. See *People v. Anderson*, No. 1-04-1534 (2005) (unpublished order under Supreme Court Rule 23).

¶ 5    On July 10, 2013, defendant filed a motion for leave to file a successive postconviction petition claiming that his natural life sentence was unconstitutional under *Miller*. Defendant's natural life sentence was vacated on March 10, 2015, and his case was set for resentencing.

¶ 6    Prior to the commencement of the resentencing hearing, defendant filed a motion to "Set the Permissible Statutory Range" in which he contended that a discretionary natural life sentence was not statutorily authorized in his case, and that the range to be considered for resentencing was between 20 and 60 years. The trial court denied the State's request that natural life be considered as a possible sentence because it lacked authority under either 730 ILCS 5/5-8-1(b) (West 2016) or 720 ILCS 59-1(3)(b) (West 2016) to extend the sentencing range beyond 20 to 60 years. The State's motion to reconsider was denied on November 29, 2016.

¶ 7    Defendant's resentencing hearing commenced on April 18, 2017, with evidence in aggravation presented by the State, including victim impact statements and police testimony. Defendant presented numerous witnesses in mitigation, including an expert in forensic psychology, a retired Illinois Department of Corrections warden and correctional officer, and a Cook County correctional officer.

¶ 8    After hearing evidence in aggravation and mitigation, the trial court reviewed the details of the shooting and the evidence presented by the State and defendant at the resentencing hearing. The trial court noted again that the sentencing range was 20 to 60 years because a defendant had to be at least 18 years of age to even be considered for natural life, and also none of the aggravating factors that would have had to be proven to the jury beyond a reasonable doubt were done back in 1995, 1996 or 1997, and so they were "in the box of natural life not being a possibility." The trial court then observed that under *Miller* and its progeny, it was to consider the fact that the

defendant's mental process, his brain, did not and does not evolve to the same extent that an adult's brain would at that particular time. The court further noted that it was to also consider defendant's circumstances at the time of resentencing. The trial court also stated the statutory factors in aggravation and mitigation that it must consider.

¶ 9    After listing the statutory factors, the trial court continued as follows:

"In addition to that, and though this case came before our new law that is the result of *Miller v. Alabama* and its progeny under 730 ILCS 5/5-4.1-105, the title of that section is sentencing under the age of 18 at the time of the commission of the offense, that at the sentencing hearing, the Court shall consider the following additional factors in mitigation in determining the appropriate sentence:

The person's age, impetuosity, and level of maturity at the time of the offense, including the ability to consider risks and consequences of behavior and the presence of cognitive or developmental disability, or both, if any; whether the person was subjected to outside pressure, including peer pressure, familial pressure, or negative influences; the person's family, home environment, educational and social background, including any history of parental neglect, physical abuse, or other childhood trauma; the person's potential for rehabilitation or evidence of rehabilitation, or both; the circumstances of the offense; the person's degree of participation and specific role in the offense, including the level of planning by the defendant before the offense; the person's prior juvenile or criminal history; and any other information the Court finds relevant and reliable, including an expression of remorse, if appropriate. I have considered all these factors.

\* \* \*

Considering all the factors in aggravation and mitigation, including the new factors that came into being after - - well after this case that I've already mentioned, considering all the testimony, the arguments of the lawyers, all the reports, the letters of support, the victim impact statement *** the appropriate sentence here is 60 years Illinois Department of Corrections. That's at 50 percent."

¶ 10    Defendant also received credit for 7,830 days (or 257 months) served. The mandatory three-year supervised release was also added to his sentence. See 730 ILCS 5/5-8-1(d)(1) (West 2016).

¶ 11    Defense counsel filed a motion for reconsideration of defendant's 60-year sentence. At the hearing on the motion, counsel argued that the trial court failed to give proper consideration to defendant's age and attendant mental capacity in sentencing defendant. Counsel emphasized that defendant had no guarantee that he would be eligible for the sentencing credit in light of the volatile nature of prison life. The State responded that the trial court had given the proper amount of consideration to all of the mitigation factors and requested that the motion to reconsider sentence be denied.

¶ 12    The trial court denied the motion to reconsider sentence, noting the then recent case of *People v. Evans*, 2017 IL App (1st) 143562, *invalidated by People v. Buffer*, 2019 IL 122327, upheld a juvenile's 90-year sentence at 50%, finding that it was not a *de facto* life sentence. The court stated that it had considered all the factors that were appropriate and that under the circumstances of the case, the sentence of 60 years at 50%, which would allow defendant to be eligible for parole in 8 or 9 years, was appropriate.

¶ 13    This timely appeal followed.

¶ 14    During the pendency of this appeal, this court granted defendant's motion to cite *People v. Peacock*, 2019 IL App (1st) 170308, as additional authority for his contention that his sentence was a *de facto* life sentence and violated *Miller*.

¶ 15    We now turn to the merits of this appeal.[1]

¶ 16                                    DISCUSSION

¶ 17    As noted above, defendant contends on appeal that: 1) the 60-year sentence violates the proportionate penalties provision of the 1970 Illinois Constitution; (2) the 60-year sentence violates Illinois' constitutional limitations on judicial discretion in sentencing decisions; (3) the 60-year sentence reflects that the trial court failed to consider the mitigating factors, relied on improper aggravating factors and punished defendant for exercising his constitutional right to choose the sentencing statute under which he would be sentenced; (4) the 60-year maximum sentence violated his right under *Miller v. Alabama*, 567 U.S. 460 (2012) to a meaningful opportunity to obtain release based on his demonstrated maturity and rehabilitation; and (5) this court should reduce his sentence pursuant to Illinois Supreme Court Rule 615(a)(4) (eff. Jan. 1, 1963).  Relying on *Peacock*, defendant additionally contends that our supreme court's decision in *People v. Buffer*, 2019 IL 122327, applies regardless of whether or not the sentence carries with it the right to earn good time credit, which would allow a juvenile defendant to serve a sentence of less than 40 years.

---

[1] This case was fully briefed on May 1, 2019, and assigned to the authoring justice's inventory of cases on May 2, 2019.  The authoring justice first circulated a proposed disposition to Justice Rochford and Justice Delort on May 26, 2020

¶ 18    Because we find that defendant's contention that our supreme court's holding in *Buffer* applies regardless of whether he is entitled to good time credit is dispositive of this appeal, we will limit our discussion to that issue.

¶ 19    In *Peacock*, the juvenile defendant was sentenced to 80 years' imprisonment. Because the offense was committed in 1995, the defendant was entitled to day-for-day credit against his 80-year sentence. On appeal from the denial of leave to file a successive postconviction petition, a panel of the fourth division of this court held that because the defendant's sentence credit was dependent on his behavior while incarcerated, the defendant's sentence was in actuality 80 years' imprisonment "with the mere possibility of release after 40 years." *Peacock*, 2019 IL App (1st) 170308, ¶ 19. The court held that under the 40-year dividing line established in *Buffer*, the defendant's 80-year sentence was a *de facto* life sentence. *Peacock*, 2019 IL App (1st) 170308, ¶ 17; see *Buffer*, 2019 IL 122327, ¶ 42 (a sentence greater than 40 years constitutes a *de facto* life sentence).

¶ 20    In its response to defendant's motion to cite *Peacock* as additional authority, the State argued that both *Miller* and *Buffer* simply prohibited juvenile defendants from being sentenced to life imprisonment or *de facto* life imprisonment without any meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. As defendant was eligible to receive good time credit and, in essence, cut his sentence in half, the State contended that he did not meet that requirement.

¶ 21    This court has recently rejected the State's argument in *People v. Thornton*, 2020 IL App (1st) 170677. In that case, a juvenile defendant who was sentenced to 70 years' imprisonment for murder filed a petition for postconviction relief, raising sentencing issues under *Miller*, which was

summarily dismissed by the trial court. *Thornton*, 2020 IL App (1st) 170677, ¶¶ 10-11. On appeal, defendant argued that his 70-year sentence was a *de facto* life sentence, which triggered *Miller* and required a sentencing court to consider his youth and attendant circumstances in fashioning a sentence, and the record from his sentencing hearing demonstrated that the court did not consider such factors. *Id*. at ¶ 17.

¶ 22    In response, the State raised the exact argument it raised in the case at bar, namely that because defendant was entitled to good time credit, it was "likely" that he would only be required to serve a term of 35 years, and this court should consider defendant's sentence as a 35-year term, which is below the 40-year mark for a *de facto* life sentence pursuant to *Buffer*, and not a 70-year term. *Id*. at ¶ 18.

¶ 23    In rejecting the State's argument, this court acknowledged that *Miller* and its progeny focused on life sentences without the possibility of parole and that the defendant's sentence did include the possibility of release after 35 years served. *Id*. at ¶ 22. However, relying on *Peacock*, we noted that day-for-day credit is not guaranteed, and it is the Illinois Department of Corrections, not the circuit court, that has the ultimate discretion as to whether a defendant will be awarded any credit. *Id*. (citing *Peacock*, 2019 IL App (1st) 170308, ¶ 19). Additionally, we noted that defendant would not serve a sentence shorter than a 40-year *de facto* life sentence unless he receives a substantial portion of the good conduct credit for which he is eligible. *Id*. at ¶ 22. We concluded that "the State's assurances are not enough for us to consider the defendant's sentence as anything other than a 70-year term." *Id.* We held that regardless of the defendant's eligibility for day-for-day credit, his extended term of 70 years' imprisonment was a *de facto* life sentence that required a sentencing court to consider his youth and attendant circumstances. *Id.*

¶ 24    The same conclusion is warranted here.

¶ 25    Defendant, who was a 15-year old juvenile at the time he committed the offenses, received a 60-year term of imprisonment, which is a *de facto* life sentence under our supreme court's decision in *Buffer*. This is true, even though he is eligible for day-for-day credit that would likely reduce his time served to 30 years. Furthermore, the record indicates that the trial court relied on *Evans*, a decision of this court that has since been abrogated by *Buffer*, to support its determination that defendant's 60-year sentence with day-for-day credit was not a *de facto* life sentence. This change in the law for sentencing of juvenile defendants since defendant's resentencing hearing necessitates that defendant receive a new sentencing hearing.

¶ 26    Additionally, we further conclude that the trial court failed to fully consider defendant's youth and its attendant circumstances in imposing the 60-year sentence. The State asserts that the trial court properly exercised its discretion when it sentenced defendant to 60 years' imprisonment for the "intentional first degree murders of two young girls" where the court fully considered all the factors in aggravation and mitigation, including defendant's youth at the time of the murders, prior to imposing sentence. We disagree.

¶ 27    As our supreme court has stated, a juvenile defendant may be sentenced to life or *de facto* life imprisonment, but before doing so, the trial court must consider the defendant's youth and attendant factors as noted in *Miller*. *Buffer*, 2019 IL 122323, ¶ 19. In the case at bar, while the trial court recited the *Miller* factors and made a passing comment that it considered them, we find nothing in the record to show that the trial court specifically considered defendant's youth and attendant circumstances before sentencing him to a de *facto* life sentence. Nor does the record show that the trial court considered defendant's rehabilitative potential at all but only noted that it

was a factor to be considered. We note that the trial court mentioned that defendant had a supportive family and nonfamily supporters, all of whom maintained that he was ready to be restored to useful citizenship, but the court never indicated that it considered defendant's youth and attendant circumstances in crafting the sentence.

¶ 28    Accordingly, we must conclude that defendant's 60-year sentence violates the eighth amendment, and we vacate that sentence as unconstitutional.  See *Peacock*, 2019 IL App (1st) 170308, ¶ 24; *Thornton*, 2020 IL App (1st) 170677, ¶ 25.

¶ 29    We therefore remand this matter for a new sentencing hearing, and defendant shall be entitled on remand to be sentenced under the scheme prescribed by section 5-4.5-105 of the Unified Code of Corrections (735 ILCS 5/5-4.5-105 (West 2016)).  See *Buffer*, 2019 IL 1122327, ¶ 47; *Thornton*, 2020 IL App (1st) 170677, ¶ 26.

¶ 30                              CONCLUSION

¶ 31    For the foregoing reasons, we affirm defendant's conviction, we vacate defendant's 60-year sentence, and the cause is remanded for resentencing consistent with this decision.

¶ 32    Affirmed; sentence vacated and cause remanded for resentencing with directions.